## J. HILL *v.* E. A. MORRIS.

**Forcible Entry and Detainer—Forcible Detainer—Possession Obtained by Purchase—Possession Obtained as Tenant.**

The appellant entered under a contract as tenant with the privilege to purchase the land by paying the specified sum on the day named, and, failing to comply, he thereby elected to hold as tenant, and, having refused to surrender possession at the end of the year, he subjected himself to be proceeded against as a forcible detainer.

APPEAL FROM HICKMAN CIRCUIT COURT.

January 9, 1871.

OPINION BY JUDGE PETERS:

Appellee having succeeded in the circuit court on a traverse to that court in a proceeding for a forcible detainer, appellant has brought the case to this court for revision.

It appears from the evidence that in January, 1869, the parties to this controversy entered into an alternative parol contract by which appellants agreed to pay appellee $800 for the land, $175 of which he was to pay on or before the 1st of March, 1869, and if he failed to pay said sum on that day he was to hold and occupy the land as tenant of appellee and pay him $100 for one year's rent, and having failed to pay the money stipulated to be paid on the first day fixed and refused to surrender possession at the end of the year to appellee, this proceeding was instituted.

It is insisted on the authority of *Jack v Carneal*, 2 A. K. Mar. 519, that this proceeding cannot be maintained. In that case Jack, having been dispossessed of the land by a writ of *habere facias possessionem*, entered into a contract with Carneal for the purchase of the land in contest, and having continued in possession under the contract for some time, the parties finally by

mutual consent cancelled the contract, and Jack took a lease from Carneal for the land, and at the end of the lease, Jack having refused to restore the possession, Carneal caused to be issued from a justice of the peace a warrant for a forcible detainer, and the court held that Jack having entered under the contract to purchase, could not have become thereby Carneal's *tenant* so as liable to be proceeded against as a forcible detainer, and the case of *Hays v. Connel's heirs,* 1st Mar. 393, is referred to as sustaining that doctrine, and the court concludes that it is only when the possession is obtained by the defendant as *tenant,* that he can be adjudged guilty of forcibly detaining the premises by refusing to restore the possession.

In this case it can not be said that appellant entered under a contract to purchase, but it was from the evidence rather an entry as a tenant with the privilege to purchase the land by paying the specified sum on the day named and, having failed to comply, he elected to hold as *tenant* and, having refused to surrender possession at the end of the year, as from the evidence, he contracted to do, he subjected himself to be proceeded against as a forcible detainer. As the instructions of the court below conformed to these views they were not erroneous, and the judgment must be affirmed.

Judge Lindsay did not sit in this case.

*Bullock, for appellant.*

*Lindsey for appellee.*